IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JENNIFER SPENCER et al., | |
| Plaintiff, | No. 23 C 4700 |
| v. | Jeffrey T. Gilbert |
| MANUEL FIGUERORA et al., | United States Magistrate Judge |
| Defendants. | |

ORDER

This matter is before the Court on Plaintiffs' Motion to Compel Defendants to Answer Discovery Demands and Deeming Statement in Request to Admit As Admitted ("Motion") [ECF No. 105]. Plaintiffs' Motion is granted in part and denied in part for the reasons explained below.

1. **Request to Admit to Defendants Individual Officers:**

**Request to Admit No. 6**: The Motion is denied. Defendant Officers object to Plaintiffs' Request to Admit No. 6 as improperly seeking the admission of a legal conclusion. The Court agrees with Defendant Officers that their objection is proper under these circumstances. A finding of consent is a legal conclusion that requires a factually specific inquiry, and those facts likely are disputed issues in this case. Finally, notwithstanding their objection, Defendant Officers answered and denied the request to admit. Nothing more is required of Defendant Officers.

2. **Interrogatories to Defendants Individual Officers and Sheriff Dart:**

**Interrogatory No. 1**: The Motion is granted as to Defendant Officers, except as to any personal information including phone numbers and addresses for law

1

enforcement personnel. If and to the extent Defendant Officers have personal knowledge about any witnesses or individuals who have knowledge concerning the incident alleged in the Complaint, including all claims or defenses, and what they may know about those subjects, they must provide that information. To the extent Defendant Officers can point to any documents already produced in response to this interrogatory, they shall identify those documents by the Bates numbers.[1]

The Motion is denied as to Defendant Sheriff. Defendant Sheriff has produced documents in response to this interrogatory, and Plaintiffs have not established that the documents produced are not a sufficient response. It also is not clear whether Defendant Sheriff has any more information than what he already has provided at this time.

As has been acknowledged in other discovery response, not all report(s) are available yet, and Defendants have represented that any report(s) will be produced when the internal investigation is complete. Defendants shall supplement their response to this interrogatory within 14 days of the completion of the internal investigation.

**Interrogatory No. 3**: The Motion is denied. Plaintiffs' request for extensive background information is overbroad and not proportional to the needs of the case. Defendant Officer Figueroa has disclosed the length of his employment with the

---

[1] Plaintiffs state that Defendant Officers' "answers are the same," and therefore, they have attached only Defendant Figueroa's answers to the interrogatories for economy's sake. Motion [ECF No. 105], at 6. Therefore, the Court's rulings on this Motion apply as necessary to Defendant Figueroa as well as to the other Defendant Officers' responses to Plaintiffs' discovery requests.

2

Cook County Sheriff's Office and how long he has worked with the eviction unit. That is sufficient in response to the interrogatory as drafted. If Plaintiffs want additional background information about Defendant Officer Figueroa's employment history or that of any other Defendant Officer employed with the Sheriff's Office, they can ask for that information for up to five years before the incident described in the Complaint during Defendant Officers' depositions.

**Interrogatory No. 5**: The Motion is denied, but Defendant Officers should identify the Bates numbers of any documents to which they refer in their interrogatory responses. Plaintiffs can follow up on any background information in any depositions, if necessary.

**Interrogatory No. 7**: The Motion is denied. Plaintiffs' counsel can ask questions at Defendants' depositions.

**Interrogatory No. 9**: The Motion is denied. Plaintiffs' counsel can ask questions at Defendants' depositions.

**Interrogatory No. 11**: Defendants' objection that this interrogatory "calls for legal conclusion" and is "vague" is overruled. Defendant Officer Figueroa states the videos produced contain all responsive conversations in his custody and control. The Court finds that production of the videos is a sufficient response to this interrogatory. However, to the extent that any Defendant Officer has personal knowledge of any conversations between Cook County Sheriff's Officers and witnesses, including any employees of Pangea Ventures, LLC, regarding the incident on May 18, 2023 underlying this lawsuit that are not captured in those videos, the Motion is granted

3

in part, and they should answer the interrogatory. Otherwise, the Motion is denied, and Plaintiffs can seek clarification and ask follow-up questions during depositions.

**Interrogatory No. 12**: This request is overbroad and unduly burdensome to the extent it asks Defendants to state the name of every Cook County Sheriff's Officer "who prepared or helped prepare each and every report, document, note and oral or written statement" relating to this case. The Motion is denied to the extent that Defendant Officers already have produced any reports, documents, notes and oral or written statements. Plaintiffs can ask follow-up questions during depositions about who prepared or helped to prepare certain reports if they do not already have that information. Defendant Sheriff referred Plaintiffs to certain documents already produced, and again Plaintiffs can seek clarification and ask follow-up questions during depositions.

As has been acknowledged in other discovery responses, not all report(s) are available yet, and Defendants have represented that those report(s) will be produced when the internal investigation is complete, and Defendants should provide Plaintiff with the name(s), to the extent they know, of the individuals who prepared the reports. Defendants shall supplement their response to this interrogatory within 14 days of the completion of the internal investigation.

**Interrogatory No. 13**: The Motion is denied. Plaintiffs' counsel can ask questions at Defendants' depositions.

**Interrogatories Nos. 20-22**: The Motion is denied without prejudice as overbroad and premature. Plaintiffs can renew their request for these documents 60

4

days before trial if Plaintiffs' claims for punitive damages remain in this case at that time.

### 3. Requests for Documents to Defendants Individual Officers and Sheriff Dart:

**Request for Production No. 20**: The Motion is denied. Defendants state they have tendered all documents in their possession, custody, and control.

**Request for Production No. 26**: The Motion is denied. Defendants have produced videos that contain dispatch communications as well as the CAD reports. They also state that the investigation continues as to whether there are any additional audio recordings and nothing has been discovered yet. Defendants shall complete their investigation into whether other audio recordings exist within the next 45 days and promptly produce any additional responsive material to Plaintiffs at that time. If nothing more is discovered, then Defendants shall tell Plaintiffs they have nothing else to produce.

**Request for Production No. 28**: In briefing the Motion, Plaintiffs focus on records relating to communications with Pangea employees, but the request as written asks for "all statements or summaries or records of statements of plaintiffs or other witnesses in this case." Defendants state they have tendered videos containing the communications with Pangea and reports indicating that a voicemail was left with Pangea prior to Defendants' arrival. Defendants state they do not have the voicemail, and it is not in their custody or control. If Plaintiffs need Defendants to identify the video and reports by Bates number, Defendants shall do so. If other documents have been produced in response to this request, Defendants should

5

identify them by Bates number. If Defendants do not have any additional statements made by Pangea employees or any other statements, then Defendants should state they have produced everything in their possession, custody or control and they do not have additional documents to produce. The Motion, therefore, is granted in part and denied in part in these respects.

**Request for Production No. 31**: The Motion is denied. Defendants have stated that to their knowledge, there are no social media postings.

**Request for Production No. 33**: Defendants' objection that this interrogatory is argumentative is overruled. Defendants state that the policy on evictions was produced. The Motion is granted in part as to other policies pertaining to the entry into homes, searches of homes, use of force, use of body cameras, and detention of occupants in a home during a search, if such policies exist. If such policies exist, then Defendants shall produce them. If there are no policies, then Defendants cannot produce documents they do not have. The Motion is denied in all other respects as to this subject.

**Request for Production No. 34**: The Motion is denied. Defendants state they have produced all responsive material in their possession, custody or control but that investigation continues. Defendants shall complete their investigation into whether other responsive material exists within the next 45 days and promptly produce any additional responsive material to Plaintiffs at that time. If Defendants discover nothing else, then they shall tell Plaintiffs they have nothing else to produce. If Defendants cannot complete their investigation within this time period,

6

they should file motion seeking more time and explain why they could not complete their investigation within the time required by this Order.

**Request for Production No. 36**: The Motion is denied without prejudice. Defendants shall supplement their production and produce any reports within 14 days of completion of the internal investigation.

**Request for Production No. 39**: The Motion is granted in part and denied in part. Defendants shall produce criminal history reports in their possession, custody or control for Plaintiffs and individual Defendant Officers with respect to any felony convictions within the last 10 years, if any. The Motion is denied as to all other information requested.

**Request for Production No. 41**: The Motion is denied as overbroad and not limited in timeframe, scope, or subject matter.

**Requests for Production Nos. 42-46**: The Motion is denied without prejudice as overbroad and premature. Plaintiffs can renew their request for these documents 60 days before trial if Plaintiffs' claims for punitive damages remain in this case.

4. **Interrogatories to Defendants Pangea, CYM, Austin Portfolio, and Their Employees:**

**Interrogatory No. 4**: The Motion is denied. Plaintiffs should contact Mr. Beck through counsel his counsel.

**Interrogatory No. 11**: The Motion is denied. Defendants are given 45 days to complete their investigation as to any employees who communicated with the

7

Sheriff's office about the May 18, 2023 eviction, and they shall supplement their answer at that time or state they do not have any additional information.

**Interrogatory No. 12**: The Motion is denied. Defendants have responded to this interrogatory by identifying the individual who gave the Sheriff's deputies a key to access the units. If Plaintiffs have additional questions, Plaintiffs can seek clarification from Mr. Beck or any other witnesses at their deposition.

For all the reasons discussed in this Order, Plaintiffs' Motion to Compel Defendants to Answer Discovery Demands and Deeming Statement in Request to Admit As Admitted [ECF No. 105] is granted in part and denied in part.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: February 6, 2025